IN RE RELEASE OF JUVENILES' IDENTITIES TO
ALBERT WISE, APPLICANT.

Superior Court of New Jersey
Chancery Division Family Part
Essex County

Decided May 28, 1985.

*Robert P. Clark,* for applicant (*Clark, Gertler & Hanna,* attorneys).

*Hugh B. Gallagher,* for City of Newark and Newark Police Department.

FERENTZ, J.S.C.

This matter comes before the court by motion, brought in the victim's name, seeking the disclosure of certain records concerning unnamed juveniles allegedly involved in the theft of and subsequent damage to movant's automobile. Specifically, the motion requests disclosure of the juveniles' names and addresses and relevant court records, discovery and police records. The moving papers assert that disclosure is necessary to commence a civil action against the juveniles. Inspection of the record reveals that no charges were ever brought against the juveniles as a result of this incident. The only relevant record presently before this court is a police accident and continuation report.

The motion raises two distinct issues: whether the court can disclose names and addresses when the juveniles have not been charged with an offense arising out of the incident in question and whether the court can disclose a copy of police records regarding the incident.

The court's authority to disclose information regarding juveniles is set forth in *N.J.S.A.* 2A:4A–60. The obvious intent of the Legislature is that disclosure of juvenile records is to be the exception, not the rule. *N.J.S.A.* 2A:4A–60(a), (f). Disclosure is clearly proscribed until the requirements of the enumerated exceptions of *N.J.S.A.* 2A:4A–60(a) to (c) are met.

In the present matter, movant seeks disclosure of the juveniles' names and addresses pursuant to *N.J.S.A.* 2A:4A–60(c):

Information as to the identity of a juvenile the offense charged, the adjudication and disposition shall be disclosed to:

(1) The victim. . . .

On its face the statute seems to require disclosure of juveniles' names and addresses to the movant in this matter, regardless of whether the juveniles were charged with a juvenile offense. However, when section (c) is read in conjunction with the rest of the statute, the relevant legislative history and the case law interpreting the statutory predecessor of *N.J.S.A.* 2A:4A–60, it is clear that section (c) applies only to those juveniles who have been charged with a juvenile offense.[1]

A careful reading of section (c)(1) to (4) supports the court's holding. Section (c) contains several phrases which indicate that a juvenile offense charge is presumed to have occurred. Specifically, the first sentence of section (c) refers to disclosing "the offense charged" and "the adjudication and disposition." *N.J.S.A.* 2A:4A–60(c). Section (c)(2) requires that disclosure be made to law enforcement agencies that "filed the complaint." *N.J.S.A.* 2A:4A–60(c)(2). Section (c)(4) requires disclosure to a party "in a subsequent legal proceeding involving the juvenile" which implies that there was a prior legal proceeding. *N.J.S.A.* 2A:4A–60.

The meaning of section (c) is further clarified by the language utilized in section (a):

Social, medical, psychological, legal and other records of the court and probation department, and records of law enforcement agencies, pertaining to a juvenile charged as a delinquent . . . shall be strictly safeguarded from public inspection. . . . [*N.J.S.A.* 2A:4A–60(a)]

Clearly section (a) applies only to records of juveniles who have been charged with offenses. While the court recognizes that

---

[1]The court does not address the issue of whether *N.J.S.A.* 2A:4A–60(c) requires disclosure of information regarding a juvenile-family crisis situation, as that issue is not raised in the present matter before the court.

sections (a) and (c) do not deal with disclosure of the same information to the same people, the first sentence of section (a) is also a general statement of the premise of the statute. Accordingly, section (a) is instructive in construing section (c) to apply only to juveniles charged with juvenile offenses.

The legislative history of *N.J.S.A.* 2A:4A–60 confirms that the exceptions to the disclosure statute are invoked only when dealing with a juvenile charged as such. The Senate Judiciary Committee Statement, in regard to *N.J.S.A.* 2A:4A–60, explains that,

[t]he law regulating disclosure of information pertaining to juvenile *offenders* must recognize two major considerations: the public's right to be informed and the *rehabilitation* of the juvenile. It is the balancing of these interests which form the basis of this bill. [Assembly Bill 643, *L.* 1982, *c.* 79; emphasis supplied]

In addition, the court finds it persuasive that there is no case law in which juvenile information has been disclosed where the juvenile has not been charged as delinquent or was not a part of a juvenile-family crisis situation. Also, of the relevant case law, the Appellate Division, in interpreting a predecessor of section (c), *N.J.S.A.* 2A:4–65(b),[2] stated in *dicta,*

[w]e note, moreover, that the authorization is not conditioned on the juvenile's having been adjudicated delinquent or in need of supervision. The consideration is relevant here because the charges were ultimately dismissed as against two of the juveniles. In our view, considering the difference in the standard of proof applicable to juvenile matters and to civil causes, the statutory policy of disclosure to victims reasonably applies where a civil cause of action may be predicated on the same conduct for which the juvenile is *charged and tried* [*State in the Interest of D.H.* 153 *N.J.Super.* 490, 494–495 (App.Div.1977); emphasis supplied]

Finally, the court is persuaded that the statute in question should not be construed to be anything more than a means of discovering the identities of juveniles who have acted in such a way as to merit disclosure.

In reading and interpreting a statute, primary regard must be given to the fundamental purpose for which the legislation was enacted. Where a literal rendering will lead to a result not in accord with the essential purpose and

---

[2]The previous statute was identical to *N.J.S.A.* 2A:4A–60(c)(1) except that it dealt with permissive, not mandatory, disclosure.

design of the act, the spirit of the law will control the letter. This doctrine permeates our case law. *N.J. Builders, Owners and Managers Association v. Blair* 60 *N.J.* 330, 338 (1972) [*State v. Grunow* 199 *N.J.Super.* 241, 252 (App.Div.1985) ]

As stated in the statute's legislative history, the policy is one of protecting the public and their rights as well as the goals of the juvenile justice system and the rights of the juveniles. Clearly, the policy does not apply to disclosing a juvenile's identity, when a juvenile appears in an official record but has not been charged with committing illegal acts. If such were the case, the identity of the juvenile victims and witnesses would be required, under certain circumstances, to be disclosed under section (c). In view of the fact that such an interpretation poses potential constitutional law problems in terms of the right to privacy, the court declines to so read the statute.

In conclusion, the court denies the movant's motion for release of juveniles' names and addresses pursuant to section (c), as the juveniles were never charged. In addition, the court denies movant's application for police records and any other court records since the situation does not meet the prerequisites of section (a) for disclosure, in that the juveniles were not charged with committing an offense.